UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DUANE COOPER,**
    **Plaintiff,**

**v.**                                      **CASE NO.: 3:18-cv-00260-MPM-JMV**

**MAJESTIC MISSISSIPPI, LLC, d/b/a**
**FITZ TUNICA CASINO & HOTEL,**
    **Defendant.**

### ORDER ON MOTION TO STRIKE

Before the Court are Defendant Majestic Mississippi, LLC's motion [69] to strike and supporting memorandum [70] and Plaintiff's response [77] and supporting memorandum [78]. Having considered the parties' submissions, the record before the Court, and the applicable law, the motion is denied for the reasons set out below.

Plaintiff served initial disclosures on Defendant on February 14, 2019. Among the disclosures relevant here, Plaintiff listed the names of several witnesses with discoverable information. Plaintiff also stated he computed damages as follows:

**RESPONSE:** Cooper has computed his damages as follows:

**Lost Wages and Benefits:**

At trial, Cooper intend to prove that he is entitled to back pay, front pay, compensatory damages and punitive damages.

**Punitive Damages:**

Cooper contends that Defendant's conduct was malicious or in reckless disregard for his rights. Accordingly, he will ask the jury to award him punitive damages.

**Attorney fees, court costs and expenses:**

Cooper seeks to recover all attorney's fees, prejudgment interest, court costs and expenses related to this matter.

Plaintiff responded to Defendant's first set of interrogatories on April 25, 2019. In response to Interrogatory No. 1, which requested information about "any person who has or is likely to have . . . information about any of the matters described in your Complaint," Plaintiff listed two additional potential witnesses. Interrogatory No. 11 asked Plaintiff to "[i]temize the exact amount of all damages, injuries, or expenses you claim or intend to prove at trial, including special non-economic damages, and describe, in detail, how each mount [sic] was computed." Plaintiff responded he would "supplement his response to this interrogatory." Plaintiff served supplemental responses to Defendant's interrogatories—over a year later—on April 30, 2020. In his responses Plaintiff supplied the name of a new witness, supplemented information regarding recorded conversations, and provided his damages computation as follows:

**SUPPLEMENTAL ANSWER:** Plaintiff supplements to identify, Doug Smith, a former dealer and colleague of Cooper, who was told by Chris Odle that Odle could fire employees by creating a paper trail.

**SUPPLEMENTAL ANSWER:** Doug Smith advised Counsel for Cooper on April 28, 2020 that he may have an audio recording of Chris Odle saying that he (Odle) could fire employees by creating a paper trail. The location of the audio recording is unknown at this time but will be produced once it is located.

**SUPPLEMENTAL ANSWER:** Cooper is requesting back pay in the amount of $58,904.24 and front pay in the amount of $23,465.73. Cooper is requesting compensatory and punitive damages in an amount to be determined by the jury.

The back pay amount is calculated as follows:

"List Annual Pay History" for 2016, Bates stamped Cooper.000533, indicates that Cooper earned $39,132.36 in fiscal year 2016, or $3,261.03 per month in 2016.

"List Annual Pay History" for 2017, Bates stamped Cooper.000534, indicates that Cooper earned $13,337.68 in 2017.

Cooper was terminated in April, 2017. Had he not been terminated it is presumed he would have earned an additional $25,794.68 for fiscal year 2017.

In 2018, Cooper earned a total of $13,844.71. Said amount is comprised of the following:

   a. 2018 W-2 from KASA in the amount of $1,147.17;

   b. 2018 W-2 from Gold Strike in the amount of $7,754.24; and

   c. 2018 Crescent City Ventures in the amount of $4,943.77.

However, Cooper reported a loss from his employment with Uber and Lyft in the amount of $6,635.00; accordingly, his reported income for 2018 was $7,209.00.

Accordingly, the difference in what Cooper earned and what he would have earned had he continued to work at the Fitz Casino is $25,287.65, or $31,923.35 if using the reported income.

Cooper's 2019 W-2 from Gold Strike indicates Cooper earned $31,310.45.

Accordingly, the difference in what Cooper earned at a comparable job and what he would have earned had he continued to work at the Fitz Casino is $7,821.91. Plaintiff seek a minimum three years of front pay, which would be through his hiring at Gold Strike on October, 2018, or alternatively, any amount awarded by the discretion of the factfinder.

> Based upon the foregoing, Cooper's back pay is calculated at $58,904.24, and his front pay is, at a minimum, $23,465.73.

The discovery deadline in this case expired on December 16, 2019. Nevertheless, the parties requested and were granted leave to complete Defendant's 30(b)(6) deposition by January 29, 2020.

Now, Defendant moves to strike Plaintiff's "Supplemental Responses to Interrogatories" served on April 30—one day before the final pretrial conference—as untimely under Rule 26(e)(1) of the Federal Rules of Civil Procedure. Specifically, Defendant takes issue with the first-time disclosure of Plaintiff's damages calculations and a new witness. Defendant avers the late witness supplementation makes it "impossible for Defendant to investigate or depose the witness" and argues Plaintiff's damages calculations and new witness should be excluded from use at trial under FED.R.CIV.P. 37(c)(1).

> Pursuant to Rule 26(e)(1):
>
> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>
>> (B) as ordered by the court.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED.R.CIV.P. 37(c)(1).

"In evaluating whether a violation of Rule 26 is harmless, . . . this Circuit considers four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the

evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (internal quotation marks omitted).

As regards his damages calculations, Plaintiff does not deny the supplementation was untimely but insists the late disclosure was both "justified and harmless." First, Plaintiff states the damages calculations are vital to his case "because they are essential to . . . [his] underlying recovery." Because it is apparent the calculations are important to any recovery by Plaintiff, the first factor weighs against striking the response. Next, Plaintiff avers he did not have all the information necessary to calculate his damages by the December 16 discovery deadline because (1) Defendant produced pertinent pay information related to Plaintiff's employment during its January 14 30(b)(6) deposition and (2) Plaintiff's 2019 W-2 from his new employer was unavailable—which W-2 he forwarded, presumably, promptly after it became available. Because Defendant does not challenge this explanation, this factor also weighs against striking the response. Plaintiff further argues there is no prejudice to Defendant to allow introduction of the damages calculations and that it cannot claim surprise because it already had, with the exception of the 2019 W-2, Plaintiff's pay information (on which the damages calculations are based) in its possession and had obtained Plaintiff's tax returns and pay information in discovery. Again, because Defendant does not challenge Plaintiff's argument, this factor weighs against striking the response. Lastly, Plaintiff points out the parties have already been granted a continuance of the trial to November 2, 2020; there is ample time for Defendant to review the damages calculations; and discovery does not need to be reopened. Because Defendant has offered no reply, the Court finds there is ample time to cure any attendant prejudice to Defendant; and, ultimately, striking Plaintiff's damages calculations is unwarranted.

Now, as concerns the late witness disclosure, Plaintiff argues he "was under no duty to disclose" and the evidence is "immune" from disclosure because it "constitute[s] impeachment evidence only." Specifically, Plaintiff avers Smith's testimony and the putative audio recording will be used to impeach another witness' credibility. Plaintiff argues that Rule 26 and case law in the Fifth Circuit do not require disclosure of impeachment evidence.

Nothing in the Federal Rules, however, permits a party to refuse to produce impeachment evidence that is responsive to an opposing party's discovery requests. "Merely because evidence to be used solely for impeachment purposes is excluded from *disclosure* under Rule 26(a)(1) and (3) does not mean that it is protected from *discovery* under Rule 26(b) using the traditional discovery devices listed in Rule 26(a)(5)." *Karr v. Four Seasons Maritime, Ltd.*, No. Civ.A.02-3413, 2004 WL 797728, at *1 (E.D. La. April 12, 2004) (citation omitted). *See also Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 516 (5th Cir. 1993) (suggesting the federal policy of broad discovery allows discovery of impeachment evidence); *Hoffman v. AmericaHomekey Inc.*, 2014 WL 12577104, at *3 n. 1 (N. D. Tex. June 10, 2014) ("Whether impeachment evidence is discoverable is a low bar—'the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.'") (citing FED.R.CIV. P. 26(b)(1) Advisory Committee Notes, 2000).

Based on the foregoing authorities, Plaintiff's argument may provide a defense as relates to any obligation to have disclosed Smith in disclosures; it does not cover any obligation to respond to or supplement responses to Defendant's discovery requests, however. And, Plaintiff has not presented any case law in support of the contrary.

Nevertheless, because it appears, without dispute, that Plaintiff learned about Smith's statement about the putative recording during an April 28, 2020, phone conversation between his

-6-

counsel and Smith; Plaintiff supplemented his responses two days later; and the trial continuance will serve to cure any prejudice to Defendant, striking the responses related to the new witness disclosure is unwarranted.

Finally, to the extent any additional discovery is necessary—as contemplated herein—it must be completed no later than July 2, 2020, and must be specifically requested by motion within five (5) business days of this date. Any reply to the motion may be filed within three (3) business days thereafter.

So ORDERED this 27th day of May, 2020.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE