## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

DUANE COOPER,                                                                            PLAINTIFF

V.                                                                                 NO: 3:18CV260-M-V

MAJESTIC MISSISSIPPI, LLC, d/b/a
FITZ TUNICA CASINO & HOTEL,                                                              DEFENDANT

## <u>ORDER</u>

This cause comes before the Court on Defendant Majestic Mississippi, LLC d/b/a Fitz

Tunica Casino & Hotel's ("Majestic") Motion for a Judgment Notwithstanding the Verdict or, in

the Alternative, for Remittitur. [130]. Plaintiff Cooper has responded in opposition to this motion.

The Court having considered the memoranda and submissions of the parties is prepared to rule.

Defendant Majestic's motion first requests a judgment notwithstanding the verdict. The

jury found for plaintiff on the retaliation claims and found for the defendant on the discrimination

claims. In evaluating a Rule 50(b) motion, a court "considers all of the evidence, drawing all

reasonable inferences and resolving all credibility determinations in the light most favorable to the

non-moving party." *Brown v. Bryan Cnty*., 219 F.3d 450, 456 (5th Cir.2000). "The Court grants

great deference to a jury's verdict and will reverse only if, when viewing the evidence in the light

most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one

party that the court believes that reasonable jurors could not arrive at any contrary conclusion."

*Dresser-Rand Co. v. Virtual Automation Inc*., 261 F.3d 831, 838 (5th Cir. 2004) (citing *Dahlen v.*

*Gulf Crews, Inc*., 281 F.3d 487, 497 (5th Cir. 2002).

While defendant's motion requests a judgment notwithstanding the verdict, there is no

further basis or argument provided by the defendant to support this part of the motion. There is

1

no allegation or argument stating that any element of plaintiff's retaliations claims was not supported by the evidence. The Court has considered the evidence admitted at trial and the applicable law and is of the opinion that the issue of whether Majestic retaliated against plaintiff Cooper was a contested issue for the jury to resolve. The evidence adduced at trial was sufficient to support the jury's conclusion that Majestic retaliated against the plaintiff for reporting discriminatory conduct to the management of Majestic. Accordingly, the Court concludes that the defendant's Motion for a Judgment Notwithstanding the Verdict is without merit and should be denied.

Defendant Majestic next asserts that the jury's award of $150,781.00 of backpay is excessive and seeks judgment notwithstanding the verdict that the evidence does not support the award, or in the alternative, that the damage award be remitted. Majestic states that the jury's award is not supported by the evidence presented at trial, as Cooper either failed to mitigate his damages or the jury did not accurately calculate the damages, while also noting the plaintiff only requested that the jury award him $137,000 in backpay.

Defendant asserts that Cooper's failure to mitigate damages occurred first during 2019 when Cooper was working part-time for Gold Strike casino and was offered a full-time position. Plaintiff was employed with Gold Strike for three months as a part-time employee and was then offered a full-time position. Defendant argues that Cooper's failure to accept this position constitutes a failure to mitigate damages. Plaintiff testified that a former supervisor from his previous employment at Fitz Casino moved over to Gold Strike and proceeded to cause further problems for Cooper. Cooper's testimony provided his opinion that this former, and at the time present, supervisor attempted to have Cooper fired from Gold Strike. The jury was instructed that Cooper had a duty to exercise reasonable diligence to minimize his damages and that

reasonableness should be evaluated in light of his individual characteristics and the job market. There exists no evidence to definitively state that Cooper's failure to maintain this position or accept the full-time position was unreasonable in light of his individual characteristics and the job market. The jury was provided with evidence from both parties in this case and could have reasonably decided that Cooper made a reasonable attempt to mitigate his damages in this circumstance.

Majestic also argues that Cooper failed to mitigate his damages by earning no income of any kind in 2020 and 2021. Plaintiff Cooper provided testimony that the COVID-19 pandemic caused multiple issues with his potential employment. Cooper testified that the casinos suffered from negative effects due to COVID-19 reducing the need for employees and that he has diabetes which caused concern about the effects of COVID-19 on his health and the risks with returning to employment. The jury was provided evidence from both parties that would have allowed to them to decide that Cooper fulfilled his duty to reasonably mitigate his damages in light of his individual characteristics and the job market when he did not earn an income during these two years.

Further, Majestic claims that from its own calculations of Cooper's back pay from April 20, 2017, to the conclusion of this trial, the jury must have not considered the wages he earned from other employment. Majestic asserts that the amount of backpay Cooper would be entitled to is $60,025.59, as opposed to the $150,841.57 awarded by the jury. Majestic arrives at this dollar amount of damages by taking Cooper's monthly pay of $3,122 multiplied by approximately twenty-two months and then subtracting earned wages of $8,900.41. This calculation assumes that Cooper's claim to backpay ends when he did not accept the full-time position with Gold Strike in February 2019. Majestic also asserts that the $60,025.59 backpay can be determined by multiplying Cooper's salary of $37,468.00 from Majestic by the five years from his termination to

3

the date of the verdict and then deducting his actual earnings presented at trial. Defendant Majestic did not present either of these calculation examples to the jury during the trial.

"There is a strong presumption in favor of affirming a jury award of damages. The damage award may be overturned only upon a clear showing of excessiveness…. However, when this Court is left with the perception that the verdict is clearly excessive, deference must be abandoned." *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995). The Court does "not reverse a verdict for excessiveness except on the strongest of showings." *Dixon v. Int's Harvester Co.*, 754 F.2d 573, 590 (5th Cir. 1985). The Fifth Circuit has further stated that a remittitur would be suggested or directed if an award "exceeds the bounds of any reasonable recovery…." *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (1983). A jury's verdict should also not be disturbed if it is "clearly within the universe of possible awards which are supported by the evidence." *Sabre Industries Incorporated v. Module X Solutions, L.L.C.*, 845 Fed.Appx. 293, 305 (5th Cir. 2021) (quoting *Bonura v. Sea Land Serv. Inc.*, 505 F.2d 665, 670 (5th Cir. 1974).

The record in this case contains multiple exhibits concerning Cooper's wage and tax information from 2017 to 2022. Plaintiff Cooper's income for the two years preceding his termination was $39,088 in 2015 and $37,468 in 2016. Taking plaintiff's more recent income of $37,468 and multiplying that by the five years since his termination, we arrive at a figure of $187,340. The jury was also instructed that Cooper's back pay includes other benefits such as life insurance, health insurance, stock options, and retirement contributions. $187,340 is the amount of money plaintiff would have earned from Fitz Casino over the course of five years if he had not been terminated. The jury returned a verdict of $150,841.57, $36,498.43 less than plaintiff's

would-be earnings for the five-year period in question, which does not appear to exceed the bounds of any reasonable recovery.

The jury was instructed to "subtract the amounts of earnings and benefits Defendant Fitz Casino proves by a preponderance of the evidence Plaintiff Cooper received during the period in question." The jury was also instructed that Defendant Fitz Casino had the burden to prove Plaintiff Cooper's failure to mitigate damages by a preponderance of the evidence. A jury is presumed to follow its instructions. *Weeks v. Angelone*, 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000). The jurors were properly instructed on Defendant Fitz Casino's burden to prove both Cooper's interim earnings and Cooper's alleged failure to mitigate beyond a reasonable doubt, and it is clear from the verdict that the jury reduced Cooper's would-be earnings of $187,340. There is nothing in the record to suggest that the jury did not consider all evidence and testimony while following the instructions provided to them when arriving at the verdict amount. The Court can not substitute its own judgment in place of the jury's unanimous decision without a legally sufficient evidentiary basis.

The verdict amount returned by the jury is within the universe of possible awards, which were supported by the evidence presented by both parties at trial. The award does not exceed the bounds of any reasonable recovery, and thus the award is not clearly excessive. As a result, Defendant's request for judgment notwithstanding the verdict, or in the alternative, remittitur of the jury verdict award, is denied.

## Conclusion

**ACCORDINGLY,** it is hereby **ORDERED** that Defendant Majestic's Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for Remittitur, is **DENIED**.

**SO ORDERED**, this the 9th day of May, 2022.


                                     **/s/Michael P. Mills**
                                     **UNITED STATES DISTRICT JUDGE**
                                     **NORTHERN DISTRICT OF MISSISSIPPI**